**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO:

**JANIRA WIMBERLY as**
**Personal Representative of the**
**ESTATE OF BRANDON WIMBERLY**
**And**
**JOHNNY J. WATSON**
**Plaintiffs,**

**vs.**

**SPECIAL AGENT KEVIN SELENT**
**SPECIAL AGENT ANDREA RANDOU,**
**individually. both officers of**
**UNITED STATES OF AMERICA**
 **DEPARTMENT**
**OF HOMELAND SECURITY**
      **Defendants.**

                                                                    /

## COMPLAINT

Plaintiffs, JOHNNY J. WATSON and the Estate of BRANDON WIMBERLY, by and

through the undersigned attorney, and files this suit pursuant to *Bivens v. Six Unknown Agents*,

403 U.S. 388 (1971) against defendants KEVIN SELENT and ANDREA RANDOU of U. S.

Department of Homeland Security, in their individual capacities, and the UNITED STATES OF

AMERICA for violating plaintiffs'  constitutional rights under the Fourth Amendment of the

United States Constitution, and upon investigation of counsel, information and belief alleges the

following:

**JURISDICTION AND VENUE**

**1 |** P a g e

1. Jurisdiction of this Court exists by virtue of a *Bivens* claims under Federal Torts Claim Act and 42 U.S.C §1983 for violations of federal constitutional rights. Pursuant to 28 U.S.C. §1331 and §1334(a)(3) this Court has original jurisdiction over this action.

2. All conditions precedent to filing this action have been satisfied and the Department of Homeland Security has denied the claims herein.

3. Venue is proper in this Court as the controversy arose in Miami-Dade County, Florida.

## PARTIES

4. Plaintiffs are and for all times pertinent were residents of Miami-Dade County, Florida.

5. Janira Wimberly is the court appointed personal representative of the Estate of her husband BRANDON WIMBERLY. She brings this action for the violation of decedent's constitutional rights in a representative capacity on behalf of all potential survivors and or beneficiaries including but not limited to herself as the surviving spouse and mother of their two daughters. They are residents of Miami Dade county and sui juris.

6. Plaintiff Johnny J. Watson is resident of Miami Dade county and otherwise sui juris.

7. Defendants Selent and Randou are officers and special agents of the United States of America Department of Homeland Security. These officers of the United States may be served with process pursuant to Federal Rules of Civil Procedure 4(i) 1 as follows:  U S Attorney Juan Antonio Gonzalez of the Southern District of Florida, certified mailed copy to Civil Process Clerk, Wilkie D Ferguson Courthouse,400 N Miami Ave., Miami Fla. 33128 and Merrick

Garland Attorney General of the United States, Department of Justice 950 Pennsylvania Ave. N.W. Washington DC.

8.     Defendant Selent is being sued in his individual capacity. He discharged his handgun more than 17 times striking Brandon Wimberly at least 6 times, causing his death. Agent Selent faced no criminal prosecution for his excessive use of deadly force, and death of Brandon Wimberly.

9.     Defendant Randou is being sued in her individual capacity. She discharged her weapon at least twice at Johnny Watson. Agent Randou faced no criminal prosecution for shooting the unarmed Watson.

## UNTED STATES DEPARTMENT OF HOMELAND SECURITY

10.     The United States is being sued pursuant to the Federal Torts Claim Act for the tortious actions of its employees. These agents acted within the course and scope of their employment.

11.     The Department of Homeland Security (DHS) is a United States federal agency which was created after 9/11 to protect our homeland from threats, and violations of federal law. It employs over 240,000 employees in wide ranging jobs including special agents.

12.     In September 2018 DHS articulated and adopted a policy on use of force for their officers as departmental guidelines to be implemented. These policies preclude use of deadly force for fleeing subjects, and into moving vehicles, unless there is a reasonable belief that significant threat of death requires deadly force.

13.     Upon information and belief, DHS does not train the officers on up-to-date developments in the caselaw as it relates to clearly established constitutional rights of citizens, or on recently decided cases in the courts.

13. The above-mentioned policy also directs that a use of force council be established by the Office of Strategy Policy and Plans to monitor implementation of the policy. Despite these recommendations the special agents such as defendants have operated largely unchecked as a result of cultural intolerance, and cover ups of use of lethal force.

### GENERAL ALLEGATIONS

14. On February 21, 2021, Brandon Wimberly was shot and killed in Coral Gables Florida by special agent Selent during a motor vehicle stop initiated pursuant to elder abuse investigation.

15. At the same time and place Johnny J. Watson was shot by special agent Randou and/or Selent while a passenger in a vehicle driven by Wimberly and stopped by the side of the road.

16. At all times material hereto defendant Selent, was a special agent and employee of Department of Homeland Security acting under color of federal law.

17. At all times material hereto defendant, Randou was special agent and full-time employee of the Department of Homeland Security acting under color of federal law.

18. On or about February 21, 2021, DHS and local law enforcement agencies were conducting an elder abuse investigation in Miami Florida.

19. Apparently elderly people were being asked to send bail money in cash for a relative who was allegedly incarcerated for some offense.

20.     The DHS special agents led the effort, and identified a suspicious package at a UPS hub, which contained twelve thousand dollars cash.

21.     The DHS agents submitted a request to the federal court for a tracking device to be inserted into the package to aid in surveillance, and capture of the criminal perpetrators.

22.     Once the warrant was approved, special agents Selent and Randou coordinated with a team of local law enforcement agencies to surveil the pickup of the UPS package containing the twelve thousand dollars, and the tracking device.

23.     On that day Brandon Wimberly waited for the UPS driver to deliver the package to a vacant house in Coral Gables. Unbeknownst to him, the package contained a concealed tracking device, and what is more, he was being surveilled by multiple law enforcement agencies.

24.     As Wimberly drove away, he was followed by at least 6 unmarked police cars from agencies in and about Miami-Dade County, as well as DHS agents Selent and Randou in an unmarked Jeep Cherokee.

25. Before Wimberly picked up the package at the vacant house, the Defendants got the tag number of the van driven by Wimberly and determined it was a rental.

26. The defendants contacted the rental agency, and learned the vehicle was rented to Brandon Wimberly and they provided his address.

27. The defendants ran a background check on Wimberly and reviewed his criminal history which failed to reveal violent criminal activity.

28.     The defendants knew the elder abuse crimes involving the twelve thousand dollars were not crimes which would result in severe prison sentences.

29. The defendants had developed significant intelligence on the identity, and address of their suspect, as well as the tracking device in the package.

30. The multiple police agencies followed Wimberly through Coral Gables, until he made a u turn.

31. After the u turn, as Wimberly drove down a residential street in broad daylight, the Defendants, Selent and Randou panicked fearing Wimberly would elude them, so they unilaterally decided to execute a traffic stop, even though several surveillance units were in the immediate vicinity.

32. When Selent pulled up next to the van, Wimberly pulled over onto the grass out of the road.

33. When Selent exited his unmarked vehicle in plainclothes, he was brandishing a weapon.

34. Because Selent was in plain clothes, it was hard to tell who he was because his vest bore the letters HIS, which is not common as a law enforcement indicium.

35. Defendant Selent jumped in front of the Wimberly's van to prevent it from leaving and placed himself in harm's way.

36. While Wimberly sat in the car, Selent fired his weapon shooting Wimberly at least 17 times, until his gun was empty.

37. Selent knew this was unnecessary, unreasonable, and against clearly established constitutional rights as excessive.

38. Defendant Selent violated DHS policy when he shot Wimberly as he sat in the vehicle stopped on the side of the road.

39. Selent shot through the front windshield of the van and then continued shooting through the driver's side door of the van.

40. One of those bullets struck Watson as he sat helplessly in the passenger seat trying to avoid being killed.

41. Defendant Randou approached Watson on the passenger side of the vehicle and fired her weapon at Watson.

42. Watson was shot in the left shoulder as he tried to avoid being killed.

43. After Selent killed Wimberly, he came to the passenger side of the car where Watson was in shock from being shot in his shoulder. While Watson bled, Selent kicked Watson in the face, nearly shattering his eye socket. Randou watched.

44. Selent knew that kicking Watson in the face was unreasonable, unlawful and excessive as Watson was shot, disabled, under control and not resisting.

45. At all times relevant to this Complaint, the defendants Selent and Randou were acting in the course and scope of their employment with the DHS.

46. That all times relevant herein Selent and Randou were acting under color of federal law.

47. At all times material, the defendants deprived plaintiffs' of clearly established rights secured by the 4th Amendment to the United States Constitution of which reasonable officers would have known.

48. Defendant Selent caused the death of Brandon Wimberly.

49. Defendants are directly responsible for the shooting of plaintiffs under *Bivens* federal law specifically 42 U.S.C. 1983 and are sued in their individual capacities.

## COUNT I –BIVENS CLAIM FOR RELIEF AGAINST SPECIAL AGENT SELENT EXCESSIVE FORCE

50. Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-46 as though fully set forth herein.

51.    The Fourth amendment precludes officers from using excessive force to effectuate an arrest.

52.    Defendant Selent used excessive force thereby violating plaintiffs' constitutional rights under the 4th amendment of Constitution of the United States of America.

53. In doing so the defendant willful and maliciously caused the shooting of plaintiff Watson, and the death of Brandon Wimberly.

54. At all times material, the defendant deprived plaintiff of clearly established rights secured by the 4th Amendment to the United States Constitution of which reasonable officers would have known.

55. The tactics of standing in front of a vehicle to prevent fleeing, and placing oneself in harms way, otherwise known as officer created jeopardy, then shooting into the vehicle violates clearly established rights of the driver and passenger to be free from excessive force.

56. Defendant killed Wimberly and used more force then was necessary to effectuate an arrest and violated clearly defined standards against shooting into vehicles or at fleeing felons.

57. Even though a weapon was found in the vehicle, Plaintiff was not a threat to Defendant's safety, or the safety of others because the crime of elder abuse was not a crime of violence.

58. The use of deadly force was not reasonable under the circumstances.

59. At all times relevant plaintiff Wimberly had a clearly established right to his personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force and excessive force pursuant to the 4th amendment to the U.S. Constitution.

60. The use of force here was excessive and unreasonable and not justified under the totality of the circumstances.

61. The actions committed by the defendant constitutes intentional misconduct, excessive use of force and violation of the clearly established constitutional rights of Wimberly, which caused his death.

WHEREFORE, Plaintiff's estate prays for judgment against defendants, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

**COUNT II – BIVENS EXCESSIVE FORCE BY SELENT AGAINST WATSON**

62. Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-45 as though fully set forth herein.

63. The Fourth amendment preclude officers from using excessive force to effectuate an arrest.

64. Defendant Selent used excessive force and violated clearly established standards thereby violating plaintiffs' constitutional rights under the 4th amendment to Constitution of the United States of America.

65. Defendant willfully and recklessly fired his weapon excessively into a vehicle in which Watson was a passenger causing him to be struck and nearly killed.

66. In doing so the defendant willful and maliciously caused the kicking of plaintiff

Watson in the face nearly shattering his eye shocked as he lay bleeding with a gunshot wound.

67. The kicking by Selent was with malice, evil intent, malicious and violated clearly established rights under the 4th amendment of Watson who was neither resisting, nor disobeying commands, but rather shot and bleeding.

68. Defendant used more force then was necessary to effectuate an arrest.

69. Plaintiff was not a threat to Defendant's safety or the safety of others.

70. The use of unnecessary force was excessive and not reasonable under the circumstances

71. At all times relevant plaintiff Watson had a clearly established right to his personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force pursuant to the 4th amendment to the U.S. Constitution.

72. The use of force here was excessive, unreasonable and not justified under the totality of the circumstances.

73. The actions committed by the defendant constitutes intentional misconduct, excessive use of force and deliberate indifference to the rights of Watson.

WHEREFORE, Plaintiff prays for judgment against defendant, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT III – BIVENS CLAIM FOR RELIEF AGAINST SPECIAL AGENT RANDOU EXCESSIVE FORCE

74. Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-45 as though fully set forth herein.

75. The Fourth amendment precludes officers from using excessive force to effectuate an arrest.

76. Defendant Randou used excessive force thereby violating clearly established standards and plaintiff Watson's constitutional rights under the 4th amendment to the constitution of the United State of America.

77. In doing so the defendant willful and maliciously caused the shooting of plaintiff Watson, who was a passenger in the van.

78. In doing so the defendants willful and maliciously shot Watson.

79. Defendant Randou used more force then was necessary to effectuate an arrest.

80. Plaintiff was not a threat to Defendant's safety or the safety of others.

81. The use of deadly force was not reasonable under the circumstances as he was a passenger in the van, and Randou knew that any reasonable officer would not have fired at an unarmed person.

82. At all times relevant plaintiff Watson had a clearly established right to his personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force and excessive force pursuant to the 4th amendment to the U. S. Constitution.

83. The use of force here was excessive, unreasonable and not justified under the totality of the circumstances.

84. The actions committed by the defendant constitutes intentional misconduct, excessive use of force and it is sufficiently clear that a reasonable agent understands that what he is doing violates clear established constitutional rights of Watson.

WHEREFORE, Plaintiff prays for judgment against defendants, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT IV – ASSAULT AND BATTERY OF WIMBERLY UNDER FTCA AGAINST UNITED STATES

85. Plaintiffs incorporates the above paragraphs as fully stated herein.

86. Defendant Selent committed an assault and battery when he fired 17 shots killing Wimberly.

87. Defendant Selent had no legal justification for such assault and battery as Wimberly did not pose an immediate threat of serious bodily harm to the agent or any member of the public.

88. Instead Wimberly was unarmed and pulled over in his vehicle when Selent shot and killed him.

89. Defendant Selent deliberately drew his weapon upon exiting his vehicle and within seconds opened fire without any justification for the use of deadly force.

90. Defendant Selent was angry because he believed Wimberly was eluding them surveillance.

91. Defendant Selent shot Wimberly out of anger, intentionally and maliciously, with a deliberate intent to harm Wimberly.

92. Defendant Selent's actions were within the course and scope of his employment with the United States DHS.

93. Defendant Selent's conduct was willful, wanton and without legal justification.

94. Defendant Selent's assault and battery directly and proximately caused Wimberly Pain, suffering and death.

95. Accordingly, Defendant Selent is not protected by official immunity, as his actions violated clearly established constitutional standard a reasonable officer would know, and he is liable for the assault and battery of Wimberly.

WHEREFORE, Plaintiff' prays for judgment against defendants, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT V - ASSAULT AND BATTERY OF WATSON UNDER FTCA AGAINST UNITED STATES

96. Plaintiffs incorporates the above paragraphs 1-46 common to all counts as fully stated herein.

97. Defendant Selent committed an assault and battery when, after killing Wimberly, he came to Watson and kicked him in the face, as he lay bleeding from wounds to the shoulder.

98. Defendant Selent had no legal justification for such assault and battery as Watson did not pose an immediate threat of serious bodily harm to the agent or any member of the public.

99. Instead, Watson was unarmed, shot in the shoulder and strapped in a seatbelt when Selent kicked him in the face for no reason.

100. Defendant Selent deliberately kicked Watson in the eye socket without any justification for the use of deadly force.

101. Defendant Selent was angry because he believed Watson was guilty.

102. Defendant Selent kicked Watson out of anger, intentionally and maliciously, with a deliberate intent to harm Watson.

103. Defendant Selent's conduct was willful, wanton and without legal justification.

104. Defendant Selent's assault and battery directly and proximately caused Watson's pain and suffering.

105.     Accordingly, Defendant Selent is not protected by official immunity, because he knew his use of deadly force was not reasonable violated clearly established departmental policy and law.

WHEREFORE, Plaintiff prays for judgment against defendants, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT VI – ASSAULT AND BATTERY OF WATSON UNDER FTCA AGAINST SPECIAL AGENT RANDOU

106.     Plaintiffs incorporates the above paragraph 1-46 as fully stated herein.

107.     Defendant RANDOU committed an assault and battery when she fired multiple shots striking Watson an unarmed passenger and violated clearly established policing norms.

108.     Defendant RANDOU had no legal justification for such assault and battery as Watson did not pose an immediate threat of serious bodily harm to the agent or any member of the public.

109.     Instead, Watson was unarmed and pulled over in the vehicle as a passenger when Randou shot and injured Watson.

110.     Defendant Randou deliberately drew her weapon upon exiting the vehicle and immediately opened fire with any justification for the use of deadly force.

111.     Defendant Randou was angry because she believed Wimberly was eluding them.

112.     Defendant Randou shot Watson out of anger, intentionally and maliciously, with a deliberate intent to harm Watson.

113.     Defendant Randou has a history and pattern of anger and physical violence.

114.     Defendant Randou's conduct was willful, wanton and without legal justification.

115.     Defendant Randou's assault and battery directly and proximately caused Watson's pain and suffering.

**116.**     Accordingly, Defendant Randou is not protected by official immunity, because she knew the DHS policy on use of deadly force and therefore she is liable for the assault and battery of Watson.

WHEREFORE, Plaintiff prays for judgment against defendants, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT VIII - CONSPIRACY

117.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-45 as though fully set forth herein.

118.     This is a cause of action pursuant to 42 U.S.C. §1983 and Bivens.

119.     The defendants, Selent and Randou, and each of them agreed to, and engaged in a conspiracy to deprive plaintiffs of their constitutional rights.

120.     The defendants engaged in overt acts in furtherance of their conspiracy, by making an unnecessary traffic stop and then unnecessarily using deadly force to kill the plaintiff.

121.     Watson was nevertheless injured by the overt and concert of acts by the defendants.

122.     The defendants had a custom and policy to use deadly force against Plaintiff in violation of constitutional rights.

123.     The defendants acted in agreement to commit illegal acts and actually deprived the plaintiff of his constitutional rights by using excessive deadly force during an unnecessary traffic stop.

124.     As a direct and proximate result of the foregoing acts of the defendants, the

Plaintiffs have and will continue to suffer great mental anguish and physical pain.

WHEREFORE, Plaintiff prays for judgment against defendants for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

### COUNT IX - PUNITIVE DAMAGES AGAINST DEFENDANT SELENT

125.    Plaintiff Wimberly realleges and adopts all facts in paragraghs1-45 common to this complaint and states further:

126.    Defendant Selent acted with evil motive and callous disregard for the rights of Brandon Wimberley when he shot him more than 17 times during the traffic stop.

127.    The actions of the defendant Selent were reckless in light of the fact there were 6 more police units which had Wimberly under surveillance.

128.    Selent had an evil intent when he jumped in front of the vehicle and shot Wimberly 17 times and showed a callous disregard for Wimberly's life.

129.    Selent was recklessly indifferent to the rights of Wimberly when he keeps shooting his weapon more than 17 times and knows this is not reasonable conduct.

130.    Selent's actions are violations of clearly established law and it is sufficiently clear that a reasonable officer knows this violates the rights of the deceased.

131.    As a direct and proximate result of the foregoing acts of the defendants, the Plaintiffs have and will continue to suffer great mental anguish and physical pain.

132.    WHEREFORE, Plaintiff prays for judgment against defendants for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable

### COUNT X - PUNITVE DAMAGES AGAINST SELENT FOR KICKING WATSON IN THE FACE

133.     Plaintiff Watson realleges and incorporates paragraphs 1-45 of the above facts common to all counts.

134.     After Watson was shot by Randou, he was struggling to get away and not be shot again.

135.     While he lay helpless, Selent came and kicked Watson in the face nearly Shattering his eye socket.

136.     Selent's actions were done with evil motive and callous disregard to the rights of Watson.

137.     Selent acted in a reckless manner when he kicked Watson and knew this was a violation of Watson's rights.

138.     Selent's conduct was reprehensible and cause plaintiff to be harmed by permanent facial disfigurement.

139.     Selent must be deterred from such future conduct and plaintiff must receive retribution for his damages.

140.     As a direct and proximate result of the foregoing acts of the defendants, the Plaintiffs have and will continue to suffer great mental anguish and physical pain.

WHEREFORE, Plaintiff prays for judgment against defendants for punitive damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

Dated January 13, 2022

/s/ William C. Robinson
WILLIAM C. ROBINSON, ESQUIRE
FL Bar No.: 386847
Attorney for Plaintiff
P.O. Box 610575
North Miami, FL  33261
Tel: (305)454-9632; Fax: (786)520-3972
Email: robinsonwilliam8@gmail.com